IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDMAN BROS. FURNITURE COMPANY, INC. D/B/A GLIDEAWAY SLEEP PRODUCTS, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No.: |
| v. | )<br>) **JURY TRIAL DEMANDED** |
| BEDGEAR, LLC, | ) |
| Defendant. | ) |

**FREDMAN BROS. FURNITURE COMPANY, INC. D/B/A GLIDEAWAY SLEEP PRODUCTS' COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT**

This is an action for declaratory judgment of non-infringement regarding four patents previously asserted by Bedgear, LLC in a case filed in the United States District Court for the Eastern District of New York (Case No. 1:15-cv-6759) ("the New York Case") in which plaintiff Fredman Bros. Furniture Company, Inc. d/b/a Glideaway Sleep Products ("Glideaway"), by its counsel, makes the following allegations in support of its Complaint against Defendant Bedgear, LLC ("Bedgear"):

**THE PARTIES**

1. Glideaway is an Illinois corporation with its principal place of business at 8226 Lackland Road, St. Louis, MO 63114.

2. On information and belief, and based on Bedgear's allegations in the Complaint, attached as Exhibit 1 hereto, from the New York Case (the "New York

1

Complaint"), Bedgear is a Delaware limited liability company with its principal place of business at 110 Bi-County Blvd., Suite 101, Farmingdale, NY.

## JURISDICTION AND VENUE

3. Bedgear has filed a lawsuit in the Eastern District of New York alleging Glideaway is infringing one or more claims of U.S. Patent Nos. 8,646,134 ("the '134 Patent"), 8,887,332 ("the '332 Patent"), 9,015,883 ("the '883 Patent"), and 9,155,408 ("the '408 Patent") (collectively "the Patents-in-Suit").  In the New York Complaint, Bedgear alleges it is the owner by assignment of the Patents-in-Suit with ownership of all substantial rights in the Patents-in-Suit, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.

4. There is no basis for personal jurisdiction over Glideaway in the Eastern District of New York.

5. Glideaway has requested to file a motion to dismiss the New York Complaint based on lack of personal jurisdiction in the letter brief attached as Exhibit 2 hereto.

6. Based on Bedgear's filing of the New York Case and correspondence sent from Bedgear to Glideaway in this District, an actual controversy has arisen and now exists between Bedgear and Glideaway as to whether Glideaway has infringed or is infringing one or more claims of the Patents-in-Suit.

7. The claims herein arise under the patent laws of the United States as enacted under Title 35 of the United States Code and the provisions of the Federal Declaratory Judgment Act.

8. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

9. On information and belief, Bedgear is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Missouri Long Arm Statute, due at least to its substantial business in this forum and its substantial contacts with this forum. Without limitation, on information and belief, within this state, Bedgear maintains systematic and continuous contacts with this District and the State of Missouri and Bedgear has maintained contacts with this District out of which this cause of action arose.

10. Bedgear sells its products, including its pillows that Bedgear has asserted practice the technology claimed in the Patents-in-Suit, through numerous retail stores located throughout this District, including numerous Mattress Direct stores, such as the Mattress Direct store located at 410 THF Blvd., Chesterfield, MO 63005. On information and belief, Bedgear regularly travels to this District to market its pillows that Bedgear contends practice the technology claimed in the Patents-in-Suit. By way of further example, Bedgear also has partnered with Mattress Direct and the St. Louis Blues hockey team to develop, market, and sell an exclusive, custom St. Louis Blues Bedgear performance pillow in this District that, on information and belief, Bedgear contends practices the Patents-in-Suit. Bedgear has traveled to this district relating to promotions for this pillow and it is being sold at the St. Louis Blues team store at Scottrade Center in this District.

11. Further, on November 25, 2015, Bedgear has directed its patent assertion activities towards this District by sending correspondence to Glideaway's principal place

3

of business in St. Louis, Missouri in which Bedgear alleged that Glideaway was infringing on the Patents-in-Suit and demanded that Glideaway cease and desist selling its Sleepharmony Revolution Tech pillow line, the design of which occurred in this District.  Bedgear has asserted that Glideaway's Sleepharmony Revolution Tech pillow line has caused irreparable harm to Bedgear's pillows that Bedgear contends practice the Patents-in-Suit due to alleged lost business opportunities, alleged lost market share, and alleged price erosion that, on information and belief, Bedgear contends has occurred in this District.

12. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) at least because Bedgear is subject to personal jurisdiction in this District and does business in the State of Missouri and this District.  Further, divisional venue in the Eastern Division of this District is proper under E.D.Mo. L.R. 2.07, at least because Plaintiff resides in the Eastern Division.

**COUNT I**
**Declaration of Non-infringement of the '134 Patent**

13. Glideaway incorporates the foregoing paragraphs by reference as though set forth fully herein.

14. The '134 Patent is entitled "Pillow with Gusset of Open Cell Construction."

15. A true and correct copy of the '134 Patent is attached as Exhibit 3 to this complaint.

16. In the New York Complaint, Bedgear alleges Glideaway Revolution Tech pillows, including the Inspire pillow, infringe claims 11, 12, 13, and 15 of the '134 Patent.

17. Claim 11 recites a pillow.

18. The pillow claimed in Claim 11 requires "a gusset perimetrically bounding, and joining, said first and second panels, said gusset being formed of an open cell construction and a base material, and said open cell construction is formed by apertures defined in said base material. . . ." among other limitations.

19. Below is a representative figure of the Inspire pillow from Glideaway's Revolution Tech pillow line, which Bedgear has accused of infringing Claims 11, 12, 13, and 15 of the '134 Patent.



20. By way of example and not limitation, the Inspire pillow does not have the required gusset meeting the above claim limitations of Claim 11 of the '134 Patent.

21. By way of example and not limitation, no Revolution Tech Pillow has the required gusset meeting the above claim limitations of Claim 11 of the '134 Patent.

22. Claims 12, 13, and 15 of the '134 Patent are dependent claims, which include the limitations of Claim 11 of the '134 Patent and are thus not met for at least these same reasons.

23. No Revolution Tech Pillow infringes any claim of the '134 Patent for at least the above exemplary reasons.

24. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, there exists a substantial controversy of sufficient immediacy and reality between Glideaway and Bedgear to warrant issuance of a declaratory judgment, and Glideaway

requests the declaration of the Court that Glideaway does not infringe and has not infringed any claim of the '134 Patent.

## COUNT II
### Declaration of Non-infringement of the '332 Patent

25. Glideaway incorporates the foregoing paragraphs by reference as though set forth fully herein.

26. The '332 Patent is entitled "Pillow with Gusset of Open Cell Construction."

27. A true and correct copy of the '332 Patent is attached as Exhibit 4 to this complaint.

28. In the New York Complaint, Bedgear alleges Glideaway Revolution Tech pillows, including the Inspire and Legend pillow, infringe Claims 1, 6-9, 16, 22, 29, 31, and 34 of the '332 Patent.

29. Claim 1 recites a pillow.

30. The pillow claimed in Claim 1 requires a "gusset" that "joins" "a first panel having an edge defining a perimeter" and "a second panel having an edge defining a perimeter" and also comprises "a material having a greater porosity" than "a porous material" of which a first and second panel are comprised, among other limitations.

31. Below is a representative figure of the Inspire pillow from Glideaway's Revolution Tech pillow line, which Bedgear has accused of infringing Claims 1, 6-9, 16, 22, 29, 31, and 34 of the '332 Patent.



6

32. By way of example and not limitation, the Inspire pillow does not have the gusset meeting the above claim limitations of Claim 1 of the '332 Patent.

33. Below is a representative picture of the Legend pillow from Glideaway's Revolution Tech pillow line, which Bedgear has accused of infringing Claims 1, 6-9, 16, 22, 29, 31, and 34 of the '332 Patent.



34. By way of example and not limitation, the Legend pillow does not have the gusset meeting the above claim limitations of Claim 1 of the '332 Patent.

35. By way of example and not limitation, no Revolution Tech Pillow has the required gusset meeting the above claim limitations of Claim 1.

36. Claims 6-9, 22, and 29 of the '332 Patent are dependent claims, which include the limitations of Claim 1 of the '332 Patent and are thus not met for at least these same reasons.

37. Claim 31 of the '332 Patent requires "a first panel," "a second panel opposite the first panel," and "a gusset perimetrically bounding and joining said first and second panels" that "define a cover having an inner surface defining a chamber for fill material," among other limitations.

38. By way of example and not limitation, the Inspire and Legend pillows do not meet at least these limitations of Claim 31 of the '332 Patent.

39. Claim 34 of the '332 Patent requires a "gusset" joining "a first panel having an edge defining a perimeter" and "a second panel having an edge defining a

7

perimeter" where the "gusset" is "formed of an open cell construction . . . being formed by space-apart strands," among other limitations.

40. By way of example and not limitation, the Inspire and Legend pillows do not meet at least these limitations of Claim 34 of the '332 Patent.

41. By way of example and not limitation, no Revolution Tech Pillow infringes any claim of the '332 Patent for at least the above exemplary reasons.

42. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, there exists a substantial controversy of sufficient immediacy and reality between Glideaway and Bedgear to warrant issuance of a declaratory judgment, and Glideaway requests the declaration of the Court that Glideaway does not infringe and has not infringed any claim of the '332 Patent.

## COUNT III
### Declaration of Non-infringement of the '883 Patent

43. Glideaway incorporates the foregoing paragraphs by reference as though set forth fully herein.

44. The '883 Patent is entitled "Pillow with Gusset of Open Cell Construction."

45. A true and correct copy of the '883 Patent is attached as Exhibit 5 to this complaint.

46. In the New York Complaint, Bedgear alleges Glideaway Revolution Tech pillows, including the Inspire and Legend pillows, infringe Claims 1-10 and 14 of the '883 Patent.

47. Claim 1 recites a pillow.

8

48. The pillow claimed in Claim 1 requires "inner surfaces" of "a first panel having an edge defining a perimeter," "a second panel having an edge defining a perimeter," and "a gusset" joining the first and second panels that "define an inner cavity;" and the pillow is "configured to have air enter the cavity through pores in the first and second panels" and have that air "exit the cavity through pores in the gusset," among other limitations.

49. Below is a representative figure of the Inspire pillow from Glideaway's Revolution Tech pillow line, which Bedgear has accused of infringing Claims 1-10 and 14 of the '883 Patent.



50. By way of example and not limitation, the Inspire pillow does not meet at least the above claim limitations of Claim 1 of the '883 Patent.

51. Below is a representative picture of the Legend pillow from Glideaway's Revolution Tech pillow line, which Bedgear has accused of infringing Claims 1-10 and 14 of the '883 Patent.



52. By way of example and not limitation, the Legend pillow does not meet at least the above claim limitations of Claim 1 of the '883 Patent.

53. By way of example and not limitation, no Revolution Tech Pillow meets the limitations of Claim 1 for at least the above exemplary reasons.

54. Claims 2-10 and 14 are dependent claims, which include the limitations of Claim 1 of the '883 Patent and are thus not met for at least these same reasons.

55. By way of example and not limitation, no Revolution Tech Pillow infringes any claim of the '883 Patent for at least the above exemplary reasons.

56. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, there exists a substantial controversy of sufficient immediacy and reality between Glideaway and Bedgear to warrant issuance of a declaratory judgment, and Glideaway requests the declaration of the Court that Glideaway does not infringe and has not infringed any claim of the '883 Patent.

## COUNT IV
### Declaration of Non-infringement of the '408 Patent

57. Glideaway incorporates the foregoing paragraphs by reference as though set forth fully herein.

58. The '408 Patent is entitled "Pillow Protector."

59. A true and correct copy of the '408 Patent is attached as Exhibit 6 to this complaint.

60. In the New York Complaint, Bedgear alleges Glideaway Revolution Tech pillows, including the Legend pillow, infringe Claims 1, 4, 5, 10, and 11 of the '408 Patent.

61. Claim 1 recites a pillow.

62. The pillow claimed in Claim 1 requires an "opening" with a "patch covering the opening" and a "filter" with an opening "positioned between the patch and

10

the filter," and Claim 1 also requires that "the second panel is free of any openings having the size, shape, and arrangement of the opening in the first panel," among other limitations.

63. Below is a representative picture of the Legend pillow from Glideaway's Revolution Tech pillow line, which Bedgear has accused of infringing Claims 1, 4, 5, 10, and 11 of the '408 Patent.



64. By way of example and not limitation, the Legend pillow does meet at least these claim limitations of Claim 1 of the '408 Patent.

65. By way of example and not limitation, no Revolution Tech Pillow meets the limitations of Claim 1, for at least the above exemplary reasons.

66. Claims 4, 5, 10, and 11 of the '408 Patent are dependent claims, which include the limitations of Claim 1 of the '408 Patent and are thus not met for at least these same reasons.

67. By way of example and not limitation, no Revolution Tech Pillow infringes any claim of the '408 Patent for at least the above exemplary reasons.

68. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, there exists a substantial controversy of sufficient immediacy and reality between Glideaway and Bedgear to warrant issuance of a declaratory judgment, and Glideaway requests the declaration of the Court that Glideaway does not infringe and has not infringed any claim of the '408 Patent.

## Prayer for Relief

WHEREFORE, Glideaway asks the Court to:

A. Declare that Glideaway does not infringe and has not infringed any claims of the '134 Patent;

B. Declare that Glideaway does not infringe and has not infringed any claims of the '332 Patent;

C. Declare that Glideaway does not infringe and has not infringed any claims of the '883 Patent;

D. Declare that Glideaway does not infringe and has not infringed any claims of the '408 Patent;

E. Order that Bedgear and each of its officers, employees, agents, attorneys, and any persons in active concert or participation with them are restrained and enjoined from further claiming that the Patents-in-Suit are infringed by Glideaway or from representing that Glideaway's products infringe the Patents-in-Suit; and

F. Award Glideaway its attorneys' fees and nontaxable costs pursuant to 35 U.S.C. § 285 and other applicable provisions.

G. Grant Glideaway all other relief that the Court may deem just and proper.

## Jury Demand

Pursuant to Federal Rule of Civil Procedure 38, Glideaway hereby demands a jury trial on all issues so triable.

Dated: January 21, 2016

Respectfully submitted,

*/s/ Megan J. Redmond*
Megan J. Redmond
Erise IP, P.A.
6201 College Blvd., Suite 300
Overland Park, KS 66211
Tel: (913) 777-5600
Fax: (913) 777-5601
megan.redmond@eriseip.com

*Counsel for Plaintiff Fredman Bros. Furniture Co., Inc. d/b/a Glideaway Sleep Products*

13